**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5045**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SHERWOOD MILAS GAITHER, a/k/a Wood,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:03-cr-00012-RLV-9)

Submitted:  April 19, 2012          Decided:  April 24, 2012

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ann Hester, Assistant Federal Defender, Erin K. Taylor, Research and Writing Attorney, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherwood Milas Gaither appeals from his twelve-month sentence with four years of supervised release imposed upon revocation of his supervised release. Gaither's counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, stating that there are no meritorious issues for appeal but raising whether Gaither's sentence was plainly unreasonable. The Government did not file a brief and Gaither did not file a pro se supplemental brief. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release

revocation case. See Crudup, 461 F.3d at 439. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, "it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

After review of the record, we conclude that the revocation sentence is not plainly unreasonable. The twelve-month prison term does not exceed the applicable maximum allowed by statute and is within the advisory Sentencing Guidelines range. See 18 U.S.C. § 3583(h) (2006). The district court considered the argument of Gaither's counsel, the Guidelines advisory range, the recommendation of the Government, and relevant § 3553(a) factors, addressing on the record Gaither's criminal history and characteristics, and the need for the sentence to deter Gaither. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C); U.S. Sentencing Guidelines Manual Ch. 7, Pt. A, introductory cmt. 3(b) (2011). The district court adequately

3

explained its rationale for imposing sentence, and the reasons relied upon are proper bases for the sentence imposed.

Accordingly, we conclude that Gaither's sentence was reasonable, and we affirm the district court's order imposing the twelve-month prison sentence and four-year term of supervised release. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Gaither's revocation of supervised release and sentence. This court requires that counsel inform Gaither, in writing, of the right to petition the Supreme Court of the United States for further review. If Gaither requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gaither.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4